UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2:15-cv-384-JDL |
| CORRECT CARE SOLUTIONS, et. al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING THE PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Nicholas A. Gladu is a prisoner at the Maine Correctional Center in Windham. In April 2015, he was diagnosed with bilateral trochanteric bursitis, a condition which causes his hips to be stiff and painful. *See* ECF No. 4 at 2, 4.   Gladu seeks a temporary restraining order ("TRO") and preliminary injunction requiring the defendants to 1) provide him with an "orthopedic grade/approved single bed mat" and an "egg-crate foam bed pad," 2) arrange for physical therapy by a qualified specialist, and 3) carry out future courses of doctor-recommended treatment. *Id.* at 5-6.  For the reasons discussed below, Gladu's motion is denied.

## I. FACTUAL BACKGROUND

On September 23, 2015, Gladu filed a complaint pursuant to 42 U.S.C.A. § 1983 (2015), in which he alleged that the defendants had committed a number of civil rights violations against him, including denial of medical care, cruel and unusual punishment in violation of the Eighth Amendment, and retaliation in violation of the First Amendment.  ECF No. 1.   Gladu's factual allegations can be summarized as follows: in April 2015, co-defendant George Stockwell diagnosed him with bilateral

trochanteric bursitis but denied him an extra bed mat and adequate medication to alleviate his pain.  ECF No. 4 at 2.  On August 3, 2015, Gladu was evaluated by an orthopedic surgeon, Dr. Piers, who recommended that Gladu be provided with an additional bed mat and foam egg-crate bed pad as well as a course of physical therapy and a follow-up appointment.  *Id.* at 3.  Gladu was not provided a copy of Dr. Piers' recommendations, but he asserts that he saw Dr. Piers write out the recommendations on a referral form and give it to one of the corrections officers who brought Gladu to the appointment.  *Id.*  Contrary to Dr. Piers' recommendations, Gladu claims that he has not been provided with an additional bed mat or foam egg-crate bed pad and has not been permitted to start physical therapy.  *Id.*  On the same day that he filed the complaint, Gladu filed his motion for a TRO and preliminary injunction.  The defendants have not filed a response to Gladu's motion, nor have they filed an answer to his complaint.

## II. LEGAL ANALYSIS

The First Circuit has instructed that trial courts entertaining motions for a preliminary injunction "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 & n.3 (1st Cir. 1993) and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)).  The First Circuit has also held that the likelihood of success is the factor

given the most weight.  *Ross-Simons,* 102 F.3d at 16 ("Likelihood of success is the main bearing wall[.]").

Gladu's likelihood of success on the merits, based on the evidentiary showing made thus far, is minimal.  To demonstrate that medical care provided by prison officials violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment, it is not sufficient for a prisoner to prove only that he has not received adequate medical care.  He must also prove that the officials responsible for his care were deliberately indifferent to an objectively serious medical need. *Leavitt v. Corr. Med. Servs., Inc.,* 645 F.3d 484, 497-98 (1st Cir. 2011).  Yet other than his bald assertions, Gladu offers no supporting documentation for his asserted medical need, let alone documentation suggesting that the defendants intentionally ignored his need for additional cushioning or physical therapy.  In addition, for the same reasons, I conclude that Gladu has also not established a plausible risk that his bursitis could degenerate irreparably in the time it would take for the defendants to respond to his complaint.

### III. CONCLUSION

I conclude that the motion for a TRO and preliminary injunction (ECF No. 4) should be, and is, **DENIED.**


**SO ORDERED.**

**This 28th day of September 2015.**

> /s/ JON D. LEVY
> **U.S. DISTRICT JUDGE**

3