UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    2:15-cv-00384-JDL |
| | ) |
| CORRECT CARE SOLUTIONS, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION FOR PAPER COPIES**

This matter is before the Court on Plaintiff's request for an order that Defendants provide Plaintiff with paper copies of all authorities cited in support of Defendants' future filings. (ECF No. 64.) Defendants oppose the motion. (ECF Nos. 66, 67.) After consideration of the parties' arguments, the Court grants in part and denies in part the motion.

Through his motion, Plaintiff asserts that he lacks sufficient time to review online every case cited by Defendants in their filings because his access to the law library is limited to one hour each week. (*Id.* at 1.) According to Defendants, Plaintiff has been subject to restrictions on his law library access due to security considerations related to Plaintiff's misconduct, but currently has access to a Westlaw terminal three days each week for one hour. (ECF No. 66 at 2.) Subsequent to the filing of his motion, Plaintiff has filed an opposition to a partial motion to dismiss, in which opposition Plaintiff has cited several legal authorities. (ECF No. 69.)

To guarantee prisoners their constitutional right of access to the courts, prison authorities are required to provide prisoners with adequate law libraries or legally trained assistants to prepare and file meaningful legal papers. *Bounds v. Smith,* 430 U.S. 817, 828 (1977). In support of his request, Plaintiff cites *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), where the Second Circuit

noted the difficulties presented when a pro se litigant does not have access to copies, without cost, of "opinions available only on the fee-based, electronic databases of Westlaw and Lexis or in the Federal Appendix."  *Id.* at 77 – 78 ("[W]e are concerned about the impact on the appearance of justice when pro se litigants may not have financial access to case authorities that form the basis of a court's decision, thereby hampering the litigants' opportunities to understand and assert their legal rights."); *see also Davis v. Lafler*, 692 F. Supp. 2d 705, 706 (E.D. Mich. 2009) ("Because it appears that Petitioner lacks access to these electronic databases at the prison library, this Court will order Respondent's counsel to provide Petitioner with paper copies of any unpublished decisions and electronically-available-only opinions on which he or she has based or supported pleadings filed or that will be filed in this matter.").

In this case, unlike the pro se litigants in *Lebron* and *Davis*, the record does not establish that either Defendants or the Court has cited authority to which Plaintiff would not have access through the Westlaw database.  In addition, the record reflects that Plaintiff's access to the Westlaw database for four hours each week is adequate in this case.  That is, Plaintiff's submissions in the case demonstrate that Plaintiff has access to legal authority, and that he can capably research the relevant issues.

Provided the authority is available through the Westlaw database, therefore, Defendants are not required to provide Plaintiff with paper copies of all of the legal authority to which they refer.  In the event Defendants cite any authority that is unpublished or not otherwise available on the Westlaw database, Defendants shall provide Plaintiff with paper copies of the authority upon the filing of the submissions in which the authority is cited.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 28th day of January, 2016.