UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 2:15-cv-00384-JDL |
| CORRECT CARE SOLUTIONS, et al., | ) ) ) |
| Defendant | ) |

**RECOMMENDED DECISION ON PARTIAL MOTION TO DISMISS**

In this action, Plaintiff asserts, inter alia, federal and state claims allegedly arising out of the medical care and treatment he received while an inmate at the Maine State Prison. As to his state law medical malpractice claim, Plaintiff alleges that he has commenced an action that is pending in state court before a medical malpractice screening panel as required by state law. (Complaint, ¶ 5, ECF No. 1.)

The matter is before the Court on the partial motion to dismiss of Defendants Correct Care Solutions, Wendy Riebe, and George Stockwell. (ECF No. 60.) Through their motion, Defendants maintain that because Plaintiff failed to comply with the requirements of the Maine Health Security Act, 24 M.R.S. §§ 2853 et seq. before commencing this action, the Court should dismiss Plaintiff's state law medical malpractice claim.

After review of the parties' arguments, I recommend the Court grant the motion, and dismiss without prejudice Plaintiff's state law medical malpractice claim.

**Discussion**

Because Plaintiff has asserted a deliberate indifference claim under 42 U.S.C. § 1983, the Court has supplemental subject matter jurisdiction over the state law malpractice claim. Plaintiff, however, cannot proceed on his state law medical malpractice claim unless the state court medical

Case 2:15-cv-00384-JAW   Document 87   Filed 02/19/16   Page 2 of 3    PageID #: 427

malpractice screening panel proceedings are complete. 24 M.R.S. § 2903(1); *see Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 381 (D. Me. 2011); *Kidder v. Richmond Area Health Ctr.*, 595 F. Supp. 2d 139, 143 (D. Me. 2009).[1]

According to Defendants, Plaintiff first filed a malpractice action in state court on July 28, 2015, but the complaint was dismissed based on Plaintiff's failure to comply with the requirements of the Maine Health Security Act. The state court docket, filed by Defendants, reflects that the state court dismissed Plaintiff's complaint without prejudice, and advised Plaintiff that he was "free to commence a medical malpractice proceeding by filing a notice of claim." (ECF No. 60-1.) Plaintiff reports that he subsequently filed a notice of claim in state court and that he has successfully served the notice upon one or more of the Defendants. (ECF No. 69.)

The parties' filings confirm that although Plaintiff has initiated a medical malpractice action in state court in accordance with the Maine Health Security Act, the mandatory state court screening process is not complete. Plaintiff, therefore, has not satisfied a necessary prerequisite to his ability to file a state law medical malpractice action. Accordingly, the dismissal, without prejudice, of Plaintiff's state law medical malpractice claim is appropriate. *Kidder*, 595 F. Supp. 2d at 143; *see also Hewett v. Inland Hosp.*, 39 F. Supp. 2d 84, 88 (D. Me. 1999) (remanding medical malpractice claim to state court despite existence of related federal EMTALA claim "because retaining jurisdiction until the conclusion of the screening panel proceedings would unduly delay resolution of the EMTALA claim").[2]

---

[1] Plaintiff does not appear to dispute that Plaintiff's state law medical malpractice claim is "an action for professional negligence" against a "health care provider" as contemplated by the Maine Health Security Act.

[2] Alternatively, the Court could stay further proceedings pending resolution of the state pre-litigation screening process. *See Henderson*, 815 F. Supp. 2d at 383 (staying proceedings pending completion of the pre-litigation screening process where the court's jurisdiction was based on diversity and where the court retained jurisdiction over multiple related state law claims). I do not recommend a stay in this case because Plaintiff's malpractice claim is not within this Court's original jurisdiction, because Plaintiff has not asserted any additional state law claims within the supplemental jurisdiction of the Court, because dismissal of the action without prejudice enables Plaintiff to pursue his state law claim in state court, and because a stay would unduly delay the resolution of Plaintiff's civil rights claim.

2

**Conclusion**

Based on the foregoing analysis, I recommend that the Court dismiss without prejudice Plaintiff's state law medical malpractice claim.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of February, 2016.