UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00384-DBH |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiff Nicholas Gladu, an inmate at the Maine Correctional Center (MCC), alleges, pursuant to 42 U.S.C. § 1983, that Defendants Correct Care Solutions (CCS) and two of its providers acted with deliberate indifference toward Plaintiff's serious medical condition. The matter is before the Court on Plaintiff's renewed motion for preliminary injunction. (ECF No. 158.)

After review of the parties' written arguments, I recommend the Court deny Plaintiff's motion.

**Discussion**

Plaintiff maintains Defendants have failed to treat properly a hip and back problem from which he suffers. Through his motion, Plaintiff contends an MRI is necessary to diagnose and treat his condition. He also asks the Court to order Defendants to implement the recommendations of a consulting orthopedic physician by whom Plaintiff was

examined, which recommendations include furnishing Plaintiff with a double mattress. In support of his request, Plaintiff argues that his condition has continued to worsen.

When evaluating a request for preliminary injunction, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993) and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). The likelihood of success factor is given the most weight. *Ross-Simons,* 102 F.3d at 16 ("Likelihood of success is the main bearing wall[.]").

To succeed on a claim of inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate

indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

A review of the record reveals that Plaintiff has failed to demonstrate that he is likely to prevail on his claim of deliberate indifference. In support of his claim, Plaintiff apparently relies in large part on his account of the recommendations of the consulting orthopedic physician. The record, however, raises questions regarding the basis of the recommendations.

In response to the motion for preliminary injunction, Defendants submitted the affidavit of Defendant Robert Clinton, M.D., who has been involved in Plaintiff's care while Plaintiff has been incarcerated at the Maine State Prison and the Maine Correctional Center. (ECF No. 171-1.) According to Defendant Clinton, in August 2015, Plaintiff was seen by Dr. Wayne Piers for an orthopedic consultation. (*Id.* ¶ 6.) Although Dr. Piers recommended a double mattress, Defendant Clinton reports that Dr. Piers did not believe the double mattress was medically necessary to treat Plaintiff's condition. (*Id.* ¶ 7.) Instead, Plaintiff raised the issue with Dr. Piers and requested the mattress. (*Id.*)

The record also generates a legitimate question regarding Plaintiff's contention that Defendants have failed to provide adequate care because they refuse to order an MRI or attend to Plaintiff's overall medical needs. In response to Plaintiff's request for an MRI,

3

Defendant Clinton explained to Plaintiff that his x-rays were normal and his functioning was observed to be normal, an MRI was not necessary as there would be no change in the treatment plan. (*Id.* ¶ 14.) Defendant Clinton also asserts that Plaintiff continues to be evaluated and treated at the Maine Correctional Center. (*Id.* ¶ 22.) On this record, one cannot reasonably conclude that Plaintiff is likely to succeed on his deliberate indifference claim.

Similarly, given that the medical providers, including a consulting orthopedic physician, do not believe the double mattress is medically necessary and given the sworn testimony of Defendant Clinton regarding the reason an MRI has not been ordered, Plaintiff has also failed to establish that he will suffer irreparable harm if an injunction is not ordered. In addition, while the comparative hardships are difficult to assess on this record, the interests of the public plainly militate against injunctive relief. The public's interest in affording prison officials the opportunity to administer their institutions without unreasonable interference is significant. As the Eighth Circuit recognized, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). The Court's intervention in Plaintiff's medical care based on this record would constitute an unreasonable interference with the Department of Corrections' management, through Defendants, of the medical needs of the inmates at the Maine Correctional Center. In short, Plaintiff has failed to establish his entitlement to the injunctive relief he seeks.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's renewed motion for preliminary injunction. (ECF No. 158.)

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of November, 2016.