UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00384-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON OBJECTIONS TO THE MAGISTRATE JUDGE'S
NON-DISPOSITIVE ORDERS**

The Court rejects the Plaintiff's objections to three of the Magistrate Judge's non-dispositive orders on the grounds that the orders are neither clearly erroneous nor contrary to law.[1]

I.  **PROCEDURAL BACKGROUND**

On September 23, 2015, Nicholas A. Gladu filed a complaint with this Court against Correct Care Solutions and a number of individual defendants, alleging that while confined in the Maine State Prison and Maine Correctional Center, he did not receive proper medical treatment for bilateral hip pain and that the Defendants

---

[1] Mr. Gladu has three interlocutory appeals pending with the First Circuit Court of Appeals. *See Interlocutory Appeal* (ECF No. 242) (USCA Case Number 17-1008); *Notice of Appeal* (ECF No. 317) (USCA Case Number 17-1231); *Interlocutory Appeal* (ECF No. 345) (USCA Case Number 17-1341). "[A]s a general rule, the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998). This Court has previously read the phrase "touching upon, or involved in, the appeal" to restrict only trial court proceedings that impinge directly upon the questions presented in the interlocutory appeal. *See Parm. Care Mgmt. Ass'n v. Me. AG*, 332 F. Supp. 2d 258, 260 (D. Me. 2004). The instant Order rules on three of Mr. Gladu's objections that do not impinge directly upon the issues currently pending in Mr. Gladu's interlocutory appeals. Therefore, the Court concludes that it retains jurisdiction over Mr. Gladu's objections.

retaliated against him for filing grievances within the prison system. *Verified Compl. for Damages and Inj. Relief* (ECF No. 1). On December 21, 2015, Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O., and Wendy Riebe (the Correct Care Defendants) answered the Complaint, denying its essential allegations and raising affirmative defenses. *Answer, Defenses and Affirmative Defenses of Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, M.D. and Wendy Riebe, HSA to Pl.'s Verified Compl.* (ECF No. 61).

Before the Court are three objections that Mr. Gladu has made to orders of the Magistrate Judge: (1) to the Magistrate Judge's Sanctions Order, *Pl.'s Obj. to Magistrate Judge's Recommended Order on Mots. for Sanctions Pursuant to Rule 72(b), Fed. R. Civ. P.* (ECF No. 316) (*Sanctions Obj.*); (2) to the Magistrate Judge's Scheduling Order and motion to extend time, *Pl.'s Obj. to the Magistrate Judge's Order on Pl.'s Mots. to Amend Scheduling Order and Mot. to Extend Time* (ECF No. 327) (*Sch. Obj.*); and (3) to a request for the Court to take judicial notice. *Pl.'s Opp'n to Defs.' Req. for the Ct. to Take Judicial Notice* (ECF No. 349) (*Judicial Notice Obj.*).

On March 20, 2017, the Correct Care Defendants responded to Mr. Gladu's objection to the Sanctions Order. *Defs.' Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Resp. to Pl.'s Obj. to Magistrate Judge's Order on Mot. for Sanctions* (ECF No. 329) (*Correct Care's Sanctions Resp.*). On March 27, 2017, the Correct Care Defendants responded to Mr. Gladu's objection to the Scheduling Order. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Resp. to Pl.'s Obj. to Magistrate Judge's Order on*

*Mots. to Amend Scheduling Order and Mot. to Extend Time* (ECF No. 338) (*Correct Care's Scheduling Order Resp.*). The time period for the Correct Care Defendants to respond to the motion on judicial notice has not expired, and they have not yet responded; nevertheless, as the Court's ruling on Mr. Gladu's motion is especially clear, the Court will not await a responsive pleading from the Correct Care Defendants before deciding Mr. Gladu's judicial notice motion.

## II. THE SANCTIONS ORDER ON SPOLIATION

Turning first to the Magistrate Judge's Sanctions Order, Mr. Gladu filed a motion for sanctions against the Correct Care Defendants on January 11, 2017. *Pl.'s Mot. for the Ct. to Impose Sanctions* (ECF No. 281). In his motion, Mr. Gladu alleged that the Correct Care Defendants had "intentionally withheld, hid, or altered medical information" in his medical record on matters relevant to his lawsuit. *Id.* at 1. On February 1, 2017, the Correct Care Defendants responded by arguing that Mr. Gladu had not properly alleged a spoliation issue because there was no allegation that the Correct Care Defendants improperly altered or damaged evidence so as to cause Mr. Gladu unfair prejudice. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Obj. to Pl.'s Mot. for the Imposition of Sanctions* at 2 (ECF No. 293). On February 24, 2017, the Magistrate Judge denied Mr. Gladu's motion for sanctions, concluding that Mr. Gladu had failed to allege that his medical records had been "spoiled" within the legal meaning of the term. *Order on Mot. for Sanctions* at 1 (ECF No. 311) (*Sanctions Order*). In Mr. Gladu's objection, he repeats

3

his contention that the Correct Care Defendants destroyed, altered, and hid vital medical records. *Sanctions Obj.* at 1.

Mr. Gladu's objection betrays a misunderstanding of the legal concept of spoliation. The Magistrate Judge properly quoted the First Circuit Court of Appeals' teaching on spoliation: "[T]he party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." *Sanctions Order* at 1 (quoting *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012)). Although Mr. Gladu maintains that he gave a history to Correct Care's medical personnel that does not appear in the medical records, the medical record—accurate or not—exists, and Mr. Gladu would be free at trial to question witnesses about the completeness and accuracy of the extant record.

This contrasts with the situation where the Correct Care Defendants, placed on notice of Mr. Gladu's claim, destroyed the medical record. *See Barry v. Corizon, Inc.*, No. 2:14-cv-00527-JDL, 2016 U.S. Dist. LEXIS 99211, at *25–26, n.7 (D. Me. Jul. 29, 2016) (quoting *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998) ("[A] party who destroys a document (or permits it to be destroyed) when facing litigation, knowing the document's relevancy to issues in the case, may well do so out of a sense that the document's contents hurt his position")). There is no evidence in this case that the Correct Care Defendants ever did such a thing, and therefore Mr. Gladu is not entitled to sanctions against them for destroying or spoiling evidence that has not been destroyed or spoiled.

4

## III. THE ORDER ON THE SCHEDULING ORDER

Turning next to the Scheduling Order, the Magistrate Judge issued a scheduling order on January 27, 2016. *Scheduling Order* (ECF No. 73). The Scheduling Order set April 11, 2016, as the deadline for amending the pleadings, for the joinder of parties, and for the Plaintiff to designate experts. *Id.* at 1–2. The Magistrate Judge amended the Order on February 22, 2016, to clarify a trial ready date of October 31, 2016, not November 7, 2016. *Notice* (ECF No. 88).

On April 11, 2016, Mr. Gladu moved to amend the Scheduling Order to extend the deadline for joinder of parties and to designate experts. *Pl.'s Mot. to Amend Scheduling Order* (ECF No. 117). In the motion, Mr. Gladu states that his access to the law library has impeded his ability to present a timely and effective case, and he requests "additional time to get caught up with his legal work." *Id.* He did not request a specific amount of time. *Id.* On May 3, 2016, the Magistrate Judge issued an order in which he granted Mr. Gladu's motion and extended his deadlines to amend his pleadings, to join parties, and to designate experts to May 20, 2016. *Order on Mots.* at 1–2 (ECF No. 124). Likewise, the Magistrate Judge extended the Defendants' expert witness deadline to June 24, 2016. *Id.* at 2. On December 4, 2016, the Magistrate Judge further amended the Scheduling Order to allow the parties to file dispositive motions thirty days after the Court ruled on a motion to amend the complaint, which was pending at the time. *Order* (ECF No. 234).

On November 21, 2016, Mr. Gladu again moved to amend the Scheduling Order. *Pl.'s Mot. for the Court to Amend the Scheduling Order* (ECF No. 227). He

5

asked for a stay of proceedings for sixty days to resolve outstanding discovery issues. *Id.* at 1. On December 6, 2016, the Correct Care Defendants objected to Mr. Gladu's motion to amend the Scheduling Order and request for a stay. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Obj. to Pl.'s Mot. to Amend the Scheduling Order and Req. for a Stay of the Proceedings* (ECF No. 237). On February 24, 2017, the Magistrate Judge rejected Mr. Gladu's motion to amend the Scheduling Order and request for stay, noting that the case had been pending since September 2015, that the Defendants would be prejudiced by a stay, that the Defendants are entitled to a resolution of the matter without an unreasonable delay, and that an extended stay would be contrary to the interests of judicial economy. *Order on Mots. to Stay* at 2 (ECF No. 310) (*Stay Order*). Mr. Gladu objects to the Magistrate Judge's February 24, 2017 Order on the ground that he was experiencing medical problems and had fallen behind in his legal work. *Sch. Obj.* at 1.

The Magistrate Judge's February 24, 2017 Order is on a non-dispositive matter. *See* 28 U.S.C. § 636(b). Accordingly, the standard for this Court's review of this Order from the magistrate judge is whether the Order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Although Mr. Gladu disagrees with the Magistrate Judge's Order, he offers no grounds for the Court to conclude that the Magistrate Judge made clearly erroneous findings or committed an error of law in his February 24, 2017 Order.

## IV.   THE JUDICIAL NOTICE OBJECTION

Finally, turning to Mr. Gladu's judicial notice objection, this dispute also harkens back to Mr. Gladu's efforts to amend the Scheduling Order.  In addition to his November 21, 2016 motion to amend the Scheduling Order, Mr. Gladu filed another motion to amend the Scheduling Order, this time on January 11, 2017.  *Pl.'s Mot. for the Ct. to Reset the Scheduling Order* (ECF No. 282).  On February 1, 2017, the Correct Care Defendants objected to Mr. Gladu's January 11, 2017 motion.  *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Obj. to Pl.'s Mot. to Reset the Scheduling Order* (ECF No. 292).  On February 28, 2017, the Magistrate Judge issued another order, granting in part and denying in part Mr. Gladu's motion.  *Order on Mots. to Amend Scheduling Order and Mot. to Extend Time* (ECF No. 314).

On March 13, 2017, Mr. Gladu objected to the February 28, 2017 Order.  *Pl.'s Obj. to the Magistrate Judge's Order on Pl.'s Mots. to Amend Scheduling Order and Mot. to Extend Time* (ECF No. 327).  On March 27, 2017, the Correct Care Defendants filed a response to Mr. Gladu's objection.  *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Resp. to Pl.'s Obj. to Magistrate Judge's Order on Mots. to Amend Scheduling Order and Mot. to Extend Time* (ECF No. 338).  In response to Mr. Gladu's assertion that he had been unable to proceed with his claims because he has been placed in the segregation unit, the Correct Care Defendants urged the Court to take "judicial notice" of the numerous filings Mr. Gladu has made in this case during his period of segregation.  *Id.* at 3, n.1.

Mr. Gladu believes that the Court should not take judicial notice of the filings in this case, arguing that they do not meet the standards for judicial notice. *Judicial Notice Obj.* at 1–2.

Mr. Gladu is simply incorrect as a matter of law that the Court may not take judicial notice of the filings in the same case before the Court. *See* FED. R. EVID. 201(b). A court "is entitled to take judicial notice of all related proceedings and records in cases before the same court." *Doustout v. G.D. Searle & Co.*, 684 F. Supp. 16, 17 n.1 (D. Me. 1988); *E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986); *Hinton v. Outboard Marine Corp.*, No. 1:09-cv-00554-JAW, 2012 U.S. Dist. LEXIS 6691, at *4–5 (D. Me. Jan. 20, 2012).

## V. CONCLUSION

The Court OVERRULES Plaintiff's Objection to Magistrate Judge's Recommended Order on Motions for Sanctions Pursuant to Rule 72(b), Fed. R. Civ. P. (ECF No. 316), Plaintiff's Objection to the Magistrate Judge's Order on Plaintiff's Motions to Amend Scheduling Order and Motion to Extend Time (ECF No. 327), and Plaintiff's Opposition to Defendants' Request for the Court to Take Judicial Notice (ECF No. 349).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2017