UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00384-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON
## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

In this action filed pursuant to 42 U.S.C. § 1983, Plaintiff Nicholas Gladu, an inmate at the Maine Correctional Center, alleges that Defendants acted with deliberate indifference toward Plaintiff's serious medical condition.

The matter is before the Court on Plaintiff's motion for temporary restraining order and preliminary injunction. (ECF No. 370.) Through his motion, Plaintiff asks the Court to order Defendants to provide appropriate care and treatment for a certain medical condition, which care and treatment should include a referral to a specialist.

Following a review of the parties' written arguments and the record, I recommend the Court deny the motion.

**Discussion**

To obtain injunctive relief,[1] Plaintiff must show (1) a substantial likelihood of success on the merits, (2) a significant potential for irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[2] and (4) a fit (or lack of friction) between the injunction and the public interest.[3] *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff requests both a temporary restraining order (TRO) and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now,*

---

[1] Because the elements that Plaintiff must satisfy to obtain a preliminary injunction are similar to the elements necessary to secure a temporary restraining order, the analysis is equally applicable to both requests. *Newton v. LePage*, 789 F. Supp. 2d 172, 178 (D. Me. 2011).

[2] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[3] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

*Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

Through his motion, Plaintiff maintains injunctive relief is necessary because Defendants have failed to treat properly a number of symptoms, including a condition he describes as a "skull anomaly" that could suggest a "skull base tumor." (Plaintiff's Declaration at 3, ECF No. 370-1.) To be entitled to injunctive relief, Plaintiff must first establish that he is likely to prevail on his underlying claim. Here, Plaintiff contends that Defendants have acted with deliberate indifference to his medical needs.

The Due Process Clause imposes on the states the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 – 106 (1976)). A

deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

The objective standard evaluates the seriousness of the risk of harm to one's health. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is serious if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

The subjective standard concerns the culpability of the defendant. There must be evidence that a particular defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

The record establishes that as recently as April 22, 2017, after examining Plaintiff in the emergency department at Maine Medical Center, which examination included a neurological exam and an assessment of Plaintiff's complaint about his skull, a physician determined that Plaintiff did not suffer from a serious head-related condition and that no

4

imaging of Plaintiff's head was necessary. (ECF No. 388-1.) Given this record, Plaintiff has not established he is likely to prevail on his deliberate indifference claim against Defendants. Similarly, given the physician's assessment, Plaintiff has also failed to demonstrate that he will suffer irreparable harm or that he will suffer any hardship if an injunction is not issued. Finally, without any record evidence to support his deliberate indifference claim, the balance between an injunction and the public interest militates against an injunction particularly given that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers*, 676 F.2d at 1214. In short, Plaintiff is not entitled to the requested injunctive relief.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for temporary restraining order and preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of May, 2017.