UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00384-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON OBJECTION TO THE MAGISTRATE JUDGE'S
NON-DISPOSITIVE ORDER**

The Court rejects the Plaintiff's objections to the Magistrate Judge's non-dispositive order because the order is neither clearly erroneous nor contrary to law.[1]

On September 23, 2015, Nicholas A. Gladu filed a complaint with this Court against Correct Care Solutions and a number of individual defendants, alleging that while confined in the Maine State Prison and Maine Correctional Center, he did not receive proper medical treatment for bilateral hip pain and that the Defendants retaliated against him for filing grievances within the prison system. *Verified Compl.*

---

[1] Mr. Gladu has three interlocutory appeals pending with the First Circuit Court of Appeals. *See Interlocutory Appeal* (ECF No. 242) (USCA Case Number 17-1008); *Notice of Interlocutory Appeal* (ECF No. 317) (USCA Case Number 17-1231); *Notice of Interlocutory Appeal* (ECF No. 345) (USCA Case Number 17-1341). "[A]s a general rule, the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (internal quotation marks omitted). This Court has previously read the phrase "touching upon, or involved in, the appeal" to restrict only trial court proceedings that impinge directly upon the questions presented in the interlocutory appeal. *See Parm. Care Mgmt. Ass'n v. Me. Att'y Gen.*, 332 F. Supp. 2d 258, 260 (D. Me. 2004). The instant Order rules on three of Mr. Gladu's objections that do not impinge directly upon the issues currently pending in Mr. Gladu's interlocutory appeals. Therefore, the Court concludes that it retains jurisdiction over Mr. Gladu's objections.

*for Damages and Inj. Relief* (ECF No. 1). On December 21, 2015, Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O., and Wendy Riebe (the Correct Care Defendants) answered the Complaint, denying its essential allegations and raising affirmative defenses. *Answer, Defenses and Affirmative Defenses of Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, M.D. and Wendy Riebe, HSA to Pl.'s Verified Compl.* (ECF No. 61).

On December 5, 2016, Mr. Gladu filed an amended complaint in which he added Susan Carr and the Maine Department of Corrections as Defendants. *First Am. Compl.* (ECF No. 251). On January 3, 2017, Susan Carr and the Maine Department of Corrections filed a motion for summary judgment together with a statement of material facts in support of the motion. *Mot. for Summ. J.* (ECF No. 261); *Statement of Material Facts* (ECF No. 262). On January 4, 2017, the Correct Care Defendants moved for summary judgment. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Mot. for Summ. J.* (ECF No. 266).

On February 28, 2017, the Magistrate Judge issued an order that addressed several of Mr. Gladu's pending motions, including motions to stay the proceedings, to reset the scheduling order, and to extend the time to respond to the Defendants' motions for summary judgment. *Order on Mots. to Amend Scheduling Order and Mot. to Extend Time* (ECF No. 314). The Magistrate Judge denied the motion to stay the proceedings, denied in part and granted in part the motion to extend the discovery deadline, extended to March 24, 2017, the time for Mr. Gladu to file responses to the

motions for summary judgment, and denied the request to conduct further discovery before responding to the motions for summary judgment. *Id.* at 5.

Subsequently, Mr. Gladu filed five motions that essentially renew his requests for a delay in the Court's consideration of the motions for summary judgment, and for an opportunity to conduct additional discovery: (1) a motion to stay the Defendants' motions for summary judgment; (2) three motions to extend the time to respond to the motions for summary judgment; (3) a motion for leave to take additional evidence; and (4) a motion for the appointment of a court expert. *Pl.'s Mot. to Stay Defs.' Mot. for Summ. J.* (ECF No. 324); *Pl.'s Mot. for an Extension of Time* (ECF No. 325); *Pl.'s Mot. for Extension of Time* (ECF No. 326); *Pl.'s Mot. for Leave of Court to Take Additional Evid. and Req. for an Extension of Time* (ECF No. 332); *Pl.'s Mot. for the Appointment of Court Expert* (ECF No. 333). Notwithstanding these motions, on March 29, 2017, Mr. Gladu filed responses to the motions for summary judgment. *Pl.'s Br. in Resp. to Defs.' Mots. for Summ. J.* (ECF No. 341).

On April 24, 2017, the Magistrate Judge issued another order in which he declined to reconsider his February 28, 2017 order, and reaffirmed his denials of Mr. Gladu's requests to stay the case and permit discovery, and of Mr. Gladu's motions for appointment of an expert medical witness or for a physical examination of Mr. Gladu. *Order on Pl.'s Pending Mots.* (ECF No. 364).

On May 18, 2017, Mr. Gladu objected to the Magistrate Judge's April 24, 2017 Order.[2] *Pl.'s Obj. to the Magistrate's Recommended Order* (ECF No. 396).[3] In his objection, Mr. Gladu mentioned specifically the motion to take additional evidence, the motion to extend time to respond to dispositive motions, the motion to stay, and the motion for appointment of a court expert. *Id.* On June 1, 2017, the Correct Care Defendants responded to Mr. Gladu's objection. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Resp. to Pl.'s Objection to the Magistrate Judge's Order on Pending Mots.* (ECF No. 408).

As a preliminary matter, although Mr. Gladu contends that he is entitled to a de novo review of the Magistrate Judge's April 24, 2017 order, he is incorrect. None of the matters that the Magistrate Judge addressed in the April 24, 2017 order was dispositive of the case. *See* 28 U.S.C. § 636(b). This Court therefore reviews Mr. Gladu's objections under the "clearly erroneous or contrary to law" standard. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

As regards the merits of the objections, Mr. Gladu offers no reason for overturning the Magistrate Judge's order other than the fact that the order will make it more difficult for him to prove his case, a consequence that flows to the losing party from many court orders. But Mr. Gladu does not speak to the merits of the order other than to note his disagreement. From the Court's review, there are no grounds to conclude that any of the Magistrate Judge's orders are either clearly erroneous or

---

[2]  On May 18, 2017, the Magistrate Judge granted Mr. Gladu's motion to extend the time within which to file an objection to the April 24, 2017 order. *Order* (ECF No. 395).

[3]  Although Mr. Gladu's objection mentions a good cause declaration that he says was attached to the objection, the Court could not locate it.

4

contrary to law, and the Court declines to overrule the Magistrate Judge's April 24, 2017 order.

The Court OVERRULES Plaintiff's Objection to the Magistrate's Recommended Order (ECF No. 396) and the Court AFFIRMS the Magistrate Judge's Order on Plaintiff's Pending Motions (ECF No. 364) regarding Plaintiff's Motion to Stay Defendants' Motion for Summary Judgment (ECF No. 324); Plaintiff's Motion for an Extension of Time (ECF No. 325); Plaintiff's Motion for an Extension of Time (ECF No. 326); Plaintiff's Motion for Leave of Court to Take Additional Evidence and Request for an Extension of Time (ECF No. 332); and Plaintiff's Motion for the Appointment of Court Expert (ECF No. 333).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2017