UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00384-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER ON OBJECTION TO ORDER ON
# MOTION TO EXCLUDE EVIDENCE

The description of the complicated background of this motion, order, and objection explains why the issue presented by the Plaintiff's motion to exclude evidence is moot. On September 21, 2017, Nicholas Gladu moved for a temporary restraining order and a motion for preliminary injunction in this case.[1] *Mot. for TRO and Prelim. Inj.* (ECF No. 431). On September 29, 2017, the Correct Care Solution (CCS) Defendants responded. *Opp'n to Mot. for TRO and Prelim. Inj.* (ECF No. 436). In their opposition, the Maine Department of Corrections (DOC) Defendants responded in part:

> Defendants confirm that on August 23, 2017, plaintiff was meeting with defendant Wendy Riebe in the interview room of his housing unit when he struck her with a table fan. He was placed in a segregated cell, and a short time later he began cutting himself with a razor he had secreted on his person, causing a shutdown of the facility and a forcible cell extraction. Copies of the reports of those incidents are attached to this opposition. Plaintiff was transferred to the Maine State Prison the next

---

[1] Mr. Gladu also moved for appointment of an independent expert and appointment of counsel in the same motion. But neither of these motions is relevant to Mr. Gladu's evidentiary objection.

day. The assault on Ms. Riebe is under investigation for possible criminal prosecution.

*Id.* at 1-2. Also, on September 29, 2017, the Correct Care Solution Defendants referred to this alleged incident in their opposition to Mr. Gladu's motion for TRO and preliminary injunction. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Obj. to Pl.'s Mot. for Expedited Evid. Hr'g, Mot. for Issuance of a Subpoena to Dr. Ovidiu Rivis, Mot. for TRO and Prelim. Inj. and Appointment of Independent Expert and Counsel, and Mot. to Expedite Ruling on the Evid. Hr'g* at 6 (ECF No. 438).

On October 23, 2017, Nicholas Gladu moved to exclude evidence of his interaction with Wendy Riebe and his self-harm. *Mot. to Exclude Evid.* (ECF No. 456). Mr. Gladu objected to any reference to the incidents as irrelevant to the issues in the case. *Id.* at 1. He accused the Defendants of attempting to use these episodes to attack his character and cause him unfair prejudice. *Id.* He also disputed the Defendants' version of what happened with Ms. Riebe. *Id.* He stressed that, contrary to the implication of DOC's memorandum, there has been no criminal prosecution. *Id.* at 2. He challenged the Defendants to explain why these incidents were admissible and for what purpose. *Id.*

On November 13, 2017, the Correct Care Solutions Defendants filed an opposition to Mr. Gladu's motion to exclude. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Obj. to Pl.'s Mot. to Exclude Evid.* (ECF No. 480). They explained that they submitted the information about the incident with Wendy Riebe not as character evidence, but in an effort to provide the

2

Court with a "full context of the interactions between Mr. Gladu and his providers at CCS" and the "escalating nature of Mr. Gladu's attempts to manipulate the CCS providers and his attempts to direct his care." *Id.* at 1-2. The DOC Defendants did not respond to Mr. Gladu's motion. On December 4, 2017, Mr. Gladu filed a reply to the Correct Care Solutions Defendants' response to his motion to exclude. *Pl.'s Reply to Def. Correct Care Solutions Obj. to Pl.'s Mot. to Exclude Evid.* (ECF No. 494). Mr. Gladu pointed out that he had still not been charged with a crime for this alleged assault and he again argued that the alleged assault had no relevance to any of his claims. *Id.* at 1.

On November 15, 2017, the Magistrate Judge issued a recommended decision on the motion for TRO and the motion for preliminary injunction. *Recommended Decision on Mot. for TRO and Prelim. Inj.* (ECF No. 483). In his recommended decision, the Magistrate Judge recommended that the Court deny Mr. Gladu's motions but did not mention the evidence to which Mr. Gladu had objected. *Id.* at 1-5. On December 4, 2017, Mr. Gladu filed an objection to the recommended decision. *Pl.'s Obj. to Recommended Decision of the Magistrate Judge* (ECF No. 493). In his objection, Mr. Gladu did not mention the incident with Wendy Riebe or his alleged attempt at self-harm. *Id.* at 1. On December 6, 2017, the Court overruled Mr. Gladu's objection to the recommended decision on his motion for TRO and preliminary injunction. *Order Affirming Report and Recommended Decision* (ECF No. 497). The Court did not refer to the alleged Riebe and self-harm incidents in its order.

Meanwhile, motions for summary judgment that had been filed by all the Defendants were wending their way to decision. On January 3, 2017, the DOC Defendants filed a motion for summary judgment, *Mot. for Summ. J.* (ECF No. 261), and on January 4, 2017, the Correct Care Solutions Defendants had filed their own motion for summary judgment. *Defs.' Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Mot. for Summ. J.* (ECF No. 266). These motions were filed before the alleged incident with Wendy Riebe on August 31, 2017 and his alleged self-harm. Similarly, Mr. Gladu's response to the motions for summary judgment was filed on March 29, 2017 before the alleged incidents. *Pl.'s Br. in Resp. to Defs.' Mots. for Summ. J.* (ECF No. 341). Finally, the Correct Care Solutions Defendants filed a reply on April 7, 2017, *Reply to Opp'n to Mot. for Summ. J.* (ECF No. 353), and the DOC Defendants filed a reply on April 12, 2017. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Reply to Pl.'s Opp'n to Defs.' Mot. for Summ. J.* (ECF No. 358).

These dispositive motions remained undecided while Mr. Gladu filed innumerable other motions and a series of interlocutory appeals to the Court of Appeals for the First Circuit. On December 18, 2017, the Magistrate Judge issued a decision addressing a number of pending motions, including the two motions for summary judgment, and recommended to the Court that it grant the motions for summary judgment. *Recommended Decision on Defs.' Mots. for Summ. J. and Order on Pl.'s Record-Related Mots.* (ECF No. 512). Significantly, the Magistrate Judge

made no reference at all to the alleged Riebe incident or the alleged incident of self-harm in his recommended decision. *Id.* at 1-30.

Just before issuing the recommended decision on the motions for summary judgment, on December 6, 2017, the Magistrate Judge denied the motion to exclude evidence, stating:

> The Court will consider the subject evidence/information for the limited purpose Defendants have offered the information. See Defendants' Response (ECF No. 480). When evaluating the significance of the information, the Court will also consider the arguments Plaintiff has asserted in his motion and in his reply memorandum in support of his motion. Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*Order Denying Mot. to Exclude Evid.* (ECF No. 496). On December 18, 2017, Mr. Gladu filed an objection to this order, essentially restating his earlier motion. *Pl.'s Obj. to Order on Mot. to Exclude Evid.* (ECF No. 514). On January 2, 2018, the Correct Care Defendants responded to Mr. Gladu's objection to the Magistrate Judge's order. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O., and Wendy Riebe's Resp. to Pl.'s Obj. to Recommended Order Denying Mot. to Exclude Evid.* (ECF No. 519). In their response, the Correct Care Defendants noted that the Magistrate Judge did not refer to this contested evidence in his rulings and that the Magistrate Judge based his recommendations on matters that did not involve this evidence. *Id.* at 1-2. The Correct Care Defendants urged the Court to overrule the objection because it was neither clearly erroneous nor contrary to law. *Id.* at 2.

On January 2, 2018, Mr. Gladu objected to the Magistrate Judge's recommended decision on the motions for summary judgment. *Pl.'s Obj. to the*

5

*Magistrate Judge's Recommended Decision on Defs.' Mot. for Summ. J.* (ECF No. 520). Mr. Gladu did not mention the Riebe or self-harm incidents as a basis for his objection. *Id.* at 1-8. Nor did the Correct Care Defendants mention this evidence in their response to Mr. Gladu's objection. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Resp. to Pl.'s Obj. to Report and Recommended Decision* (ECF No. 525).

What this long description reveals is that the evidence of Mr. Gladu's interaction with Wendy Riebe on August 31, 2017 and his alleged attempt at self-harm were never properly before the Court on the pending motions for summary judgment. They were not contained in any of the statements of material fact, which predated the alleged incidents. They were not mentioned in the Magistrate Judge's recommended decision, in Mr. Gladu's objection to the recommended decision, or in the Defendant Correct Care Solutions' response. In sum, the alleged incidents did not affect the Magistrate Judge's recommendations and, as is evident in the order that the Court is issuing contemporaneously with this order, the Court has not considered the alleged incidents in reviewing those recommendations.

Nor did evidence of the alleged Riebe and self-harm incidents have any effect on the disposition of the motion for TRO and preliminary injunction. Neither the Magistrate Judge nor this Court mentioned either alleged incident in arriving at the decisions on the motion.

Accordingly, even though the incidents were mentioned by both Defendants in their filings in the fall of 2017, neither the Magistrate Judge nor the Court actually

considered either incident in arriving at the decisions to date and the Court has not considered them in analyzing the Magistrate Judge's recommendations on the pending motions for summary judgment, Mr. Gladu's objections to the recommended decision, or the response to his objections. Because these alleged incidents have not been considered for any purposes before the Court, the Court DISMISSES as moot Plaintiff's Objection to Order on Motion to Exclude Evidence (ECF No. 514).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2018