UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00384-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON REMAINING MOTIONS**

With the entry of judgment in favor of the Defendants, the Plaintiff's prejudgment motions are moot. As the Plaintiff is acting pro se, the Court explains why.

**I.  BACKGROUND**

On December 18, 2017, the Magistrate Judge issued a recommended decision on the Defendants' motions for summary judgment in this suit, in which Nicholas Gladu challenges the decisions of correctional staff and medical providers concerning his bilateral hip pain. *Recommended Decision of Defs.' Mots. for Summ. J. and Order on Pl.'s Record-Related Mots.* (ECF No. 512) (*Recommended Decision*). On February 14, 2018, the Court affirmed the Magistrate Judge's recommended decision and granted summary judgment in favor of the Defendants. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 541). Contemporaneously, the Court dismissed as moot Mr. Gladu's motion to exclude evidence. *Order on Objection to Order on Mot. to Exclude Evid.* (ECF No. 540). On February 15, 2018,

judgment was entered in favor of the Defendants and against Mr. Gladu in accordance with the earlier order. *J.* (ECF No. 542). There are three motions remaining, which the Court now dismisses as moot for reasons it has described in earlier orders and reiterates below.

## II. DISCUSSION

On January 5, 2018, Mr. Gladu filed a motion requesting the Court take judicial notice of an exhibit he had previously submitted consisting of lab blood test results from 2012, which he contends indicate the presence of a serious underlying medical condition the Defendants have ignored. *Pl.'s Motion for Judicial Notice* (ECF No. 522); *Additional Evid.* Attach. 1 at 5-6 (ECF No. 472). On the same day, Mr. Gladu also filed a motion seeking to clarify that when he previously moved the Court to take judicial notice of medical treatises, he intended the Court to consider the sections of those treatises pertaining to certain examination, laboratory, and medical imaging practices to establish the relevant standard of care. *Pl.'s Motion to Clarify His Request for Judicial Notice of Medical Treatises* (ECF No. 523). On January 26, 2018, the Correct Care Solutions Defendants filed a response to both motions. *Defs. Correct Care Solutions, Robert Clinton, M.D., George Stockwell, D.O. and Wendy Riebe's Response to Plantiff's Mot. for Judicial Notice and Mot. to Clarify Pl.'s Request for Judicial Notice of Medical Treatises* (ECF No. 530).

Mr. Gladu is correct that the lab results indicated somewhat above average blood phosphorus levels, but there is no indication the medical providers ignored this information, and a single elevated blood chemistry indicator might suggest something

2

of significance, or nothing at all, depending on the numerous other tests and relevant data the medical providers considered. The Defendants are correct that the relevant sections of medical treatises and the sophisticated interpretation of blood chemistry lab results are matters of medical expertise, not amenable to judicial notice. *See id.* at 2-3. In any event, these motions make no difference in the outcome of this case for the same reasons the Magistrate Judge explained: "Plaintiff's diagnosis is the subject of medical opinion and is not a fact that is 'not subject to reasonable dispute' as contemplated by Federal Rule of Evidence 201." *Recommended Decision* at 2-3.

On January 29, 2018, Mr. Gladu filed a motion requesting the Court to hold a hearing to assess the merit of his recent claim of spoliation. *Pl.'s Motion to Hold Proceedings* (ECF No. 531). In Mr. Gladu's objection to the recommended decision on summary judgment, he raised the possibility that the Defendants have hidden evidence of a recent x-ray comparison that indicates more degenerative spinal changes because the results would be unfavorable to the Defendants' position. *Pl.'s Objection to Recommended Decision* at 2-3 (ECF No. 520). Mr. Gladu contends that this would present a viable claim for spoliation of evidence and bar summary judgment. *Id.* (citing *Pelletier v. Magnusson*, 195 F. Supp. 2d 214, 233-37 (D. Me. 2002)). Mr. Gladu apparently bases his spoliation argument on representations of customer service representatives from an imaging company, Mobilex USA. *Id.*

These spoliation arguments do not survive summary judgment. The case Mr. Gladu cites is instructive. In *Pelletier*, there was undisputed evidence regarding the genesis and prior existence of key pieces of missing evidence. 195 F. Supp. 2d at 233-

3

34. Here, in contrast, Mr. Gladu presents nothing more than hearsay raising the possibility that the relevant evidence ever existed. Furthermore, as the Court has similarly explained regarding expert testomy, hearings require considerable time and expense, which is why they are not needed in these circumstances, where the evidence of spoliation is paper-thin. *See Order Affirming the Recommended Decision of the Magistrate Judge* at 16-17 (ECF No. 541).

## III. CONCLUSION

Nicholas A. Gladu's remaining motions do not impact the outcome of the summary judgment analysis, and they are moot now that judgment has issued. Accordingly, the Court DISMISSES as moot Plaintiff's Motion for Judicial Notice (ECF No. 522), Plaintiff's Motion to Clarify His Request for Judicial Notice of Medical Treatises (ECF No. 523), and Plaintiff's Motion to Hold Proceedings (ECF No. 531).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2018